**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**NATHAN LEWIS (#319391)**                              **CIVIL ACTION NO.**

**VERSUS**                                                              **22-413-SDD-SDJ**

**TIMOTHY HOOPER, ET AL.**

<u>**NOTICE**</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 30, 2024.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

NATHAN LEWIS (#319391)  CIVIL ACTION NO.

VERSUS  22-413-SDD-SDJ

TIMOTHY HOOPER, ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss filed by Defendants Joyce Hill, Timothy Hooper, Donald Johnson, Francis Smith, and Carl Thomas.[1] The Motion is opposed.[2] Because the action is prescribed, it is recommended that the Motion be granted, and that all Defendants be dismissed from this action, including *sua sponte* dismissal of the non-moving Defendants Eric Hinyard and Albert Watson.

### I. Background

Plaintiff instituted this action on June 14, 2022, against Timothy Hooper, Eric Hinyard, Francis Smith, Joyce Hill, Donald Johnson, Carl Thomas, and Albert Watson, alleging Defendants violated his constitutional rights.[3] Plaintiff seeks monetary and injunctive relief.[4]

### II. Law & Analysis

#### a. Standard of Review

In *Bell Atlantic Corp. v. Twombly*,[5] and *Ashcroft v. Iqbal*,[6] the Supreme Court clarified the standard of pleading that a plaintiff must meet to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the

---

[1] R. Doc. 24.
[2] R. Doc. 28.
[3] R. Docs. 2 & 4.
[4] R. Doc. 4, p. 8.
[5] 550 U.S. 544 (2007).
[6] 556 U.S. 662 (2009).

speculative level."[7]  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[8]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9]  It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"[10]  "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[11]

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court "must accept as true all of the factual allegations contained in the Complaint."[12]  Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"[13]  Moreover, the federal pleading rules simply require a "short and plain statement of the claim showing that the pleader is entitled to relief."[14] The task of the court is not to decide if the plaintiff will eventually be successful, but to determine if a "legally cognizable claim" has been asserted.[15] Notwithstanding this, the court need not accept "a legal conclusion couched as a factual allegation,"[16] or "naked assertions [of unlawful conduct] devoid of further factual enhancement."[17]

---

[7] *Twombly,* 550 U.S. at 555.
[8] *Iqbal,* 556 U.S. at 678, (quoting *Twombly*, 550 U.S. 544).
[9] *Id.*
[10] *Id.* at 679.
[11] *Id.* at 678 (internal quotation marks omitted).
[12] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).
[13] *Id.* (citation omitted).
[14] Fed. R. Civ. P. 8(a)(2).
[15] *Thompson v. City of Waco, Tex.*, 764 F.3d 500, 502–03 (5th Cir. 2014).
[16] *Papasan v. Allain*, 478 U.S. 265, 286 (1986)
[17] *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

### b. The Claims in this Action are Prescribed

"There is no federal statute of limitations for actions brought pursuant to 42 U.S.C. § 1983," so the federal courts borrow the limitations period of the forum state.[18] Civil rights suits brought under § 1983 are subject to the Louisiana limitations period of one year that applies to tort claims.[19] State law also controls whether events occur that toll (*i.e.*, pause or delay) the limitations period unless the state provisions regarding tolling are inconsistent with federal law.[20] Though the Louisiana prescriptive period of one year applies to Plaintiff's claims, federal law governs when his claims accrued, *i.e.*, when the limitations period starts.[21] Under federal law, a claim generally accrues "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured" and that there is a connection between his injury and the defendant's actions.[22] "A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim."[23]

The incident complained of in this action occurred on February 18, 2021, so this is the date the action accrued, and by the time Lewis filed this action, 480 days had already passed. However, because Plaintiff was required to exhaust administrative remedies by filing a grievance through the administrative remedy process (an "ARP") before filing suit, the Court must consider the time period Plaintiff had an ARP properly pending. The limitations period is suspended while an ARP is pending because the requirement that an inmate exhaust administrative remedies before filing

---

[18] *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992). *See also, Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) ("Federal courts borrow state statutes of limitations to govern claims brought under section 1983."); *White v. Gusman*, 347 Fed.Appx. 66, 67 (5th Cir. 2009) (unpublished) ("The prescriptive period for a claim brought under § 1983 is provided by the law of the state in which the claim arose.").
[19] La. C.C. art. 3492; *Clifford v. Gibbs*, 298F.3d 328, 332 (5th Cir. 2002); *Crane v. Childers*, 655 Fed.Appx. 203, 204 (5th Cir. 2016) (§ 1983 claims are subject to the one-year prescriptive period for tort claims).
[20] *Bd. of Regents v. Tomanio*, 446 U.S. 478, 484 (1980).
[21] *Harris*, 198 F.3d at 157.
[22] *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (internal quotation marks and citations omitted).
[23] *Id.*, citing *Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983).

creates a statutory impediment to filing suit.[24] The limitations period begins to run again when the final agency decision is delivered.[25]

Plaintiff filed his grievance pertaining to the incident on March 10, 2021.[26] Thus, at the time the ARP was filed, 19 days had already passed that counted towards the prescriptive period.[27] The administrative rules provide that "[n]o more than 90 days from the initiation to completion of the process shall elapse, unless an extension has been granted. Absent such an extension, expiration of response time limits shall entitle the offender to move on to the next step in the process."[28]

Because inmate-plaintiffs are required to exhaust administrative remedies prior to filing suit, prescription is suspended while a grievance is pending because of the statutorily created impediment to filing suit, which requires an inmate to exhaust his claims.[29] When the impediment is lifted, there is no reason for prescription to be suspended any longer. Though the plain language of La. R.S. § 15:1172 suspends prescription until a final agency decision is delivered, this could lead to absurd results, as prescription could be suspended indefinitely if an agency decision is never delivered because it is lost in the mail or due to some other fortuitous event that causes the decision to not be delivered. When the plain meaning leads to "absurd or futile results" courts should look "beyond the words to the purpose" of the law.[30] Further, "even when the plain meaning [does] not produce absurd results but merely an unreasonable one plainly at variance with the policy of the legislation as a whole," the Fifth Circuit has "followed that purpose, rather than the

---

[24] La. Civ. Code art. 3467; *Kron v. LeBlanc*, No. 11-2263, 2013 WL 823550, *2 (E.D. La. March 6, 2013).
[25] La. R.S. 15:1172(E) (providing that the limitations period for a prisoner's claim "shall be suspended upon the filing of [an administrative] … grievance and shall continue to be suspended until the final agency decision is delivered.").
[26] R. Doc. 4, p. 3.
[27] When calculating time, the date that triggers the time period is not counted. Fed. R. Civ. Proc. 6(a)(1)(A). The Court's calculation also excludes the last day of the time period. In other words, *e.g*, because Plaintiff filed an ARP on March 10, 2021, that date is not included when counting the number of days.
[28] *See* 22 La. Admin. Code, Part I, § 325(J)(1)(c).
[29] *Pappillion v. Louisiana Dept of Pub. Safety & Corr.*, No. 19-117, 2022 WL 907140, at *2 (M.D. La. Mar. 28, 2022).
[30] *Sosa v. U.S.*, 550 F.2d 244, 251 (5th Cir. 1977).

literal words."[31] As described above, the purpose of the suspensive period provided in § 15:1172 is to pause time while the claim proceeds through the administrative process, and there is an impediment to filing suit. Once the impediment is lifted, suspension is no longer necessary and to have suspension continue is not within the spirit of the law.[32] Here, the impediment to filing suit actually ceased on June 8, 2021, 90 days after Plaintiff initiated the ARP process. At that point, he was entitled to unilaterally proceed to the next step in the process; *i.e.* to this Court. Accordingly, because Plaintiff was entitled to proceed to this Court on June 9, 2021, prescription began to run again on that date.

Because 19 days had already passed when Lewis filed his grievance, he had 346 days left to file suit once the impediment to suit lifted. Accordingly, he had to file suit by May 23, 2022.[33] He did not file this suit until nearly one month later. Even if the Court gives Plaintiff the benefit of using the later date of June 22, 2021, as when prescription began to run again, as this is the date Plaintiff states he signed for the second step response,[34] the claim is still prescribed. Using this later date, Plaintiff had to file suit by June 3, 2022, but he did not file until eleven days later.[35] Accordingly, this action is subject to dismissal as prescribed.

---

[31] *Id.*

[32] Other Judges in this Court have also noted in dicta that it seems prescription should begin to run again once the impediment to suit is lifted. *See, e.g., Dugas v. Vannoy*, No. 21-530, 2024 WL 3408305, at n. 25 (M.D. La. June 27, 2024) ("Arguably, the clock should have started again after the ARP was pending for 90 days, at which time Plaintiff could have unilaterally filed suit.").

[33] 346 days after June 9, 2021 actually falls on May 21, 2022, but because that day was a Saturday, Lewis had until the next day that was not a legal holiday to file suit, as Fed. R. Civ. Proc. 6(a)(1) provides that "when the period is stated in days or a longer unit of time…include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."

[34] R. Doc. 36, p. 7.

[35] *See Calloway v. Pinkey*, No. 20-562, 2022 WL 17096371, at n. 1 (M.D. La. Oct. 11, 2022) (noting that the Court would consider the facts alleged in the opposition to the Motion to Dismiss because *pro se* pleadings are held to less stringent standards than pleadings drafted by lawyers).

5

      **c. Plaintiff's Claims against the Non-Movants are also Subject to Dismissal**

Because the non-movants are similarly situated to the movants, the non-movants should be dismissed from this action *sua sponte*, rendering the action subject to dismissal in its entirety as prescribed.[36]

## RECOMMENDATION

**IT IS RECOMMENDED** that the Motion to Dismiss filed by Timothy Hooper, Francis Smith, Joyce Hill, Donald Johnson, and Carl Thomas be **GRANTED**, that non-moving Defendants Eric Hinyard and Albert Watson be dismissed *sua sponte*, and that this action be **DISMISSED, WITH PREJUDICE**, as the claims contained herein are prescribed.

## ORDER

Considering that the action is prescribed, **IT IS ORDERED** that the Motion for Appointment of Counsel filed by Nathan Lewis is **DENIED** without prejudice to re-urging should the foregoing recommendation not be adopted.[37]

Signed in Baton Rouge, Louisiana, on September 30, 2024.

                                               **SCOTT D. JOHNSON**
                                               **UNITED STATES MAGISTRATE JUDGE**

---

[36] Though there are three non-movant Defendants in this action, courts possess the authority to *sua sponte* dismiss a party or expand upon the grounds for dismissal urged by movants as long as the adverse parties receive notice and a chance to respond. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)); *see also Spann v. Woods*, 66 F.3d 322 (5th Cir. 1995) (unpubl.) (district court *sua sponte* dismissed claims under 12(b)(6) although the defendants never filed a motion to dismiss, nor did they plead failure to state a claim in their answer). This report and recommendation provides adequate notice to Lewis. *McCoy v. Wade*, No. 06-2292, 2007 WL 1098738, at *1 (W.D. La. Mar. 12, 2007). "[I]t is well-settled that a district court may grant summary judgment *sua sponte* [on its own motion], so long as the losing party has ten days notice to come forward with all of its evidence in opposition to summary judgment." *Shepard v. Gulf Coast Community Services*, 221 Fed.Appx. 308, 310 (5th Cir. 2007), citing *Love v. Nat'l Med. Enters.*, 230 F.3d 765, 770 (5th Cir. 2000) (internal citations and quotations omitted). The 14-day objection period to this Report and Recommendation is sufficient to satisfy the notice requirement. *See Bustinza v. Lucio*, No. 19-36, 2022 WL 1548118, at n. 1 (S.D. Tex. March 4, 2022), citing *U.S. v. Willis*, 273 F.3d 592, 597 (5th Cir. 2001). Because the non-movants are similarly situated to the movants, it is appropriate to dismiss the non-movants for the same reasons. *See Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001)(citations omitted).

[37] R. Doc. 30. Counsel would not be beneficial to Plaintiff, as counsel cannot elicit any facts to amend the complaint that would render the claims therein timely.